UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BAYSHORE RECYCLING CORPORATION,<br><br>         Plaintiff,<br><br>v.<br><br>HALLMARK SPECIALTY INSURANCE COMPANY and NFP PROPERTY & CASUALTY SERVICES, INC.,<br><br>         Defendants. | Civil Action No.:  2:23-CV-03047-EP-JSA |

**REPLY IN SUPPORT OF DEFENDANT**
**NFP PROPERTY & CASUALTY SERVICES, INC.'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Thomas J. Coghlan Esq.
FISHKIN LUCKS LLP
One Gateway Center, Suite 1150
Newark, NJ 07102
tcoghlan@fishkinlucks.com

Jennifer H. Chung*
MCDOWELL HETHERINGTON
1001 Fannin Street, Suite 2400
Houston, Texas 77002
jennifer.chung@mhllp.com

*Admitted *pro hac vice*.
Attorneys for Defendant NFP
Property & Casualty Services, Inc.

**TABLE OF CONTENTS**

I.   INTRODUCTION ............................................................................................................. 1

II.  ARGUMENT AND AUTHORITIES IN REPLY ........................................................... 2

    A.   The Complaint Should Be Dismissed Because None of Plaintiff's Claims Against NFP Is Ripe. ................................................................................................ 2

    B.   The Complaint Fails to State a Claim for Breach of Contract. ............................... 4

    C.   The Complaint Fails to State a Claim for Negligence. ........................................... 8

    D.   The Complaint Fails to State a Claim for Breach of Fiduciary Duty. .................. 10

    E.   The Complaint Fails to State a Claim for Professional Malpractice. ................... 12

III. CONCLUSION .............................................................................................................. 13

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Am. Fin. Resources, Inc. v. Countrywide Home Loans Servicing, LP*,
   Civ. Action No. 12-7141(ES), 2013 WL 6816394 (D.N.J. Dec. 23, 2013) ............................. 12

*Blanciak v. Allegheny Ludlum Corp.*,
   77 F.3d 690 (3d Cir. 1996) ....................................................................................................... 4

*Bracco Diagnostics, Inc. v. Bergen Brunswig Drug Co.*,
   226 F. Supp. 2d 557 (D.N.J. 2002) .................................................................................. 11, 12

*Bubbles N' Bows, LLC v. Fey Pub. Co.*,
   No. 06–5391, 2007 WL 2406980 (D.N.J. Aug. 20, 2007) ...................................................... 13

*Heyman v. Citimortgage, Inc.*,
   Civ. No. 14-1680-KM-MAH, 2019 WL 2642655 (D.N.J. June 27, 2019) ............................. 10

*Magi v. Rich*,
   Civ. Action No. 20-8881 (ZNQ) (RLS), 2023 WL 1363375 (D.N.J. Jan. 31, 2023) ............. 12

*Mercury Indem. Co. of Am. v. Great N. Ins. Co.*,
   No. CV-19-14278-MAS-LHG, 2020 WL 1531386 (D.N.J. Mar. 31, 2020) .......................... 10

*Minnesota Life Ins. Co. v. Cooke*,
   No. 2:20-CV-14326 (WJM), 2021 WL 5122070 (D.N.J. Nov. 4, 2021) ................................ 10

*Monroe Guaranty Insurance Company v. Newtex Realty, LP*,
   2019 WL 1261138 (N.D. Tex. Mar. 4, 2019) .......................................................................... 3

*Mt. Hawley Ins. Co. v. Giant Oil, Inc.*,
   2010 WL 1525518 (M.D. Fla. Apr. 15, 2010) ......................................................................... 3

*Old Republic Ins. Co. v. E. King Air Serv., LLC*,
   No. CV-18-15-102-SDW-LDW, 2019 WL 2341554 (D.N.J. June 3, 2019) .......................... 10

*Travelers Property Casualty Company of America v. M.B. Kahn Construction Company, Inc.*,
   No. 3:20-cv-01304-SAL, 2021 WL 1177861 (D.S.C. Mar. 29, 2021) ..................................... 2

*Trusted Transportation Solutions, LLC v. Guarantee Ins. Co.*,
   Civ. No. 16-7094, 2018 WL 2926167 (D.N.J. June 11, 2018) ............................................... 10

*Westport Ins. Corp. v. Hamilton Wharton Grp., Inc.*,
   2011 WL 724737 (S.D.N.Y. Feb. 23, 2011) ............................................................................ 3

## I. INTRODUCTION

Because Plaintiff's Complaint fails to state a claim against NFP Property & Casualty Services, Inc. ("NFP"), Plaintiff's Opposition is also wholly insufficient to prove otherwise. There is no jurisdiction over its unripe claims and Plaintiff has not pled a single cause of action to survive dismissal.

Plaintiff has no complaint about any act or omission by NFP because its primary argument is that Defendant Hallmark Specialty Insurance Company's ("Hallmark") claim decision was incorrect. There is no justiciable controversy and Plaintiff is not sufficiently adverse to NFP in this case. As such, Plaintiff's claims against NFP should be dismissed as unripe.

Because there is no dispute with NFP, the Complaint is similarly cursory and deficient in pleading any of the four causes of action asserted against NFP: breach of contract, negligence, breach of fiduciary duty and professional malpractice. The brokerage agreement attached to the Opposition is unsigned and also belies Plaintiff's allegations. Plaintiff's negligence, breach of fiduciary duty and professional malpractice are all one cause of action under New Jersey law and the allegations in Plaintiff's Complaint are conclusory and not entitled to the presumption of truth. For these reasons, the Complaint should also be dismissed for failure to state a claim.

## II.     ARGUMENT AND AUTHORITIES IN REPLY

**A.     The Complaint Should Be Dismissed Because None of Plaintiff's Claims Against NFP Is Ripe.**

The allegation of an injury in general is not all that is required to sufficiently state a claim.  In order to state a claim upon which relief may be granted, Plaintiff must allege that it suffered a harm as a result of something that **NFP** did or failed to do.  However, Plaintiff does not know yet if NFP did anything wrong.  As such, each of its causes of action fails because Plaintiff fails to allege an injury caused by NFP.

NFP moved to dismiss Plaintiff's claims against it as unripe because they are contingent upon the outcome of Plaintiff's case against Hallmark.  In response, Plaintiff contends it has a right to plead in the alternative.  But the right to plead in the alternative does not erase the fact that there is no case or controversy—Plaintiff has not simply pled different theories of liability after clearly setting forth facts to sufficiently plead that it suffered an injury as a result of NFP's acts or omissions. Rather, Plaintiff asserts it has been harmed by **Hallmark's** decision on the policy and that it would only be harmed by NFP if Hallmark's decision is determined to be correct.  There are numerous courts that have dismissed negligence claims against brokers as unripe in this exact context.  *Travelers Property Casualty Company of America v. M.B. Kahn Construction Company, Inc.*, No. 3:20-cv-01304-SAL, 2021 WL 1177861, at *33 (D.S.C. Mar. 29, 2021) (dismissing

negligence claim against broker where complaint alleged that if the policies are found not to provide coverage, then the broker breached its duty to procure insurance coverage and verify for accuracy); *Westport Ins. Corp. v. Hamilton Wharton Grp., Inc.*, 2011 WL 724737, at *4 (S.D.N.Y. Feb. 23, 2011) (holding that insured's third-party claims against insurance agent should be dismissed because they were contingent upon the result of the pending coverage dispute); *Mt. Hawley Ins. Co. v. Giant Oil, Inc.*, 2010 WL 1525518, at *1–2 (M.D. Fla. Apr. 15, 2010) (holding that insured's claims against agent should be dismissed as unripe because each claim is contingent "upon an outcome adverse to [the insured] in [the insurer's] pending declaratory judgment action"); *Monroe Guaranty Insurance Company v. Newtex Realty, LP*, 2019 WL 1261138, at *2 (N.D. Tex. Mar. 4, 2019) (dismissing negligence claim against broker as not fit for judicial determination).

Finally, there is no hardship to Plaintiff.  Plaintiff cites to no authority that trying successive lawsuits would present a hardship to Plaintiff.  If the case against NFP and Hallmark involve the same witnesses and documentary evidence, as Plaintiff suggests, then discovery in any subsequent case (if necessary) may be significantly streamlined.  Also, Plaintiff and Hallmark would each have in its possession anything that NFP forwarded or conveyed to either party.  As such, Plaintiff's perception of delay and financial burden is unfounded.

On the other hand, NFP would suffer hardship in having to defend itself against four causes of action, engaging in discovery, preparing and filing motions for summary judgment, all when it is unknown whether Plaintiff is actually complaining about anything NFP did or failed to do.  NFP would be forced to defend itself against allegations not pursued in earnest because in Plaintiff's prosecution of its chief case against Hallmark, Plaintiff will not assert that NFP erred in any way.  NFP will be forced to defend itself on the basis that **if** Hallmark is correct, it is not any act or omission by NFP that caused Plaintiff any harm, which is something it may not have to do at all.  This is precisely the type of situation the ripeness doctrine was designed to prevent.  Indeed, Plaintiff must "demonstrate some injury, or threat thereof, 'of sufficient immediacy and ripeness to warrant judicial intervention.'"  *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 699 (3d Cir. 1996) (citation omitted).

Plaintiff's entire case against NFP should be dismissed as unripe.

**B.    The Complaint Fails to State a Claim for Breach of Contract.**

In response to NFP's Motion to Dismiss Plaintiff's breach of contract claim, Plaintiff attached "Exhibit A," which is represented to be the brokerage agreement sued upon. [ECF No. 39-1 ("Attached as Exhibit A is a true and correct copy of the Service Fee Agreement between Bayshore and NFP Property & Casualty Services, Inc.").]  However, the attached exhibit is not fully executed.  [ECF No.

-4-

39-2.] Plaintiff has now demonstrated that there is no signed, written contract. Yet, the Complaint fails to plead facts to support breach of an oral contract or that, despite there not being a signed, written agreement, the parties operated under its terms or any other terms. As such, Plaintiff's breach of contract claim should be dismissed as insufficiently pled.

Moreover, Plaintiff's breach of contract claim should also be dismissed as the agreement affirmatively demonstrates that Plaintiff can prove no set of facts that would entitle it to relief. The agreement expressly states that "[t]he ultimate determination of the **extent and nature of insurance coverage purchased is determined solely by [Plaintiff].**" [ECF No. 39-2.] Plaintiff's complaints against NFP are limited to the extent/limit of business interruption coverage which are in direct conflict with the foregoing provision and, therefore, not entitled to the presumption of truth:

- "Hallmark contends it only owes Bayshore $2,500,000 in lost income stemming from damage to Bayshore's main building because the statement of values, provided by NFP, limits business interruption coverage to $2,500,000 in connection with that building." [ECF No. 1 ¶ 52.]

- "NFP committed to Bayshore, under the Broker Agreement and otherwise, to provide full and appropriate coverage for Bayshore's commercial property risks." [ECF No. 1 ⁋ 61.]

- "To the extent the Hallmark policy caps Bayshore's business interruption losses at $2,500,000 in connection with the fire damage to its main building, NFP failed to secure adequate coverage for Bayshore – namely, because NFP failed to submit an accurate statement of values, reflecting the true business income generated by Bayshore's main building." [ECF No. 1 ⁋ 62.]

- "If Hallmark is correct that the business interruption limit of the policy is $2,500,000 then NFP failed to procure adequate coverage for Bayshore – namely, because the business interruption coverage limit is incorrect, rendering the policy materially deficient." [ECF No. 1 ⁋ 81.]

In other words, Plaintiff's only (contingent) complaint as to NFP is that NFP should be held responsible for the extent/limit of business interruption coverage. However, the contract presented by Plaintiff's counsel as the agreement forming the basis of Plaintiff's claim expressly states that the ultimate determination of the extent and nature of insurance coverage is determined by Plaintiff. The Complaint

contains no allegation that Plaintiff requested a specific type of coverage or coverage in a certain amount and/or that NFP failed to obtain what was requested.

NFP cited a number of cases stating that the portions of the contract allegedly breached should be specified, which Plaintiff failed to do.  The extent of Plaintiff's response is simply that the Courts in those cases have held that sufficient facts have not been pled to plausibly assert breach.  Identifying the contractual obligation alleged to be breached is part and parcel with sufficiently pleading breach by asserting facts to show how a breach occurred.  Plaintiff's statement that "NFP breached the broker agreement with Bayshore by failing, among other things, to secure adequate coverage for Bayshore in connection with the loss and damages Bayshore suffered as a result of the Fire" is not only conclusory, but the Complaint contradicts the supposed agreement's provision that Plaintiff is to determine the extent and nature of insurance coverage purchased.  Therefore, if this agreement is enforceable, in order to allege breach, Plaintiff must plead that it requested a certain limit for business interruption coverage and that NFP breached its duties by failing to obtain such a limit.  However, the Complaint contains no such allegations.

For any one or more of the foregoing reasons, Plaintiff's breach of contract claim should be dismissed.

## C.   The Complaint Fails to State a Claim for Negligence.

NFP moved to dismiss Plaintiff's negligence claim on three grounds: (1) the negligence claim is subsumed by Plaintiff's professional negligence claim, (2) Plaintiff has asserted no cognizable duty by alleging that NFP erred with respect to the business interruption coverage limit and (3) the economic loss rule.

In response, Plaintiff attaches a complete transcript from a motion for summary judgment hearing in another case that cannot be reviewed in connection with NFP's Motion to Dismiss, which is based on Plaintiff's Complaint. Plaintiff cites to a case stating that Court orders may be considered on a motion to dismiss. It cites no authority allowing a transcript of a hearing in another case to be considered. Regardless, Plaintiff attaches this transcript in an attempt to show that negligence and professional negligence are distinct claims, but **glaringly absent** in the Opposition is any citation to Plaintiff's own Complaint to show how its causes of action for negligence and professional negligence are **actually** distinct.

With respect to pleading a cognizable duty, Plaintiff "clarifies" that the duty alleged to be breached by NFP is the duty to procure the coverage requested. However, there is no failure to procure insurance coverage because an insurance policy was issued—indeed, the other named defendant in this lawsuit is the insurer of that policy. If Plaintiff is now attempting to argue that NFP did not procure coverage that was "requested" by Plaintiff, Plaintiff's clarification only supports

dismissal of its claim because there is not a single factual allegation in the Complaint alleging what coverage was requested that NFP failed to procure. As such, to the extent failure to procure the "requested" coverage is the sole duty allegedly breached, Plaintiff has not pled sufficient facts to show how that duty was breached.

Finally, as to the applicability of the economic loss doctrine, Plaintiff contends that New Jersey law imposes duties on insurance brokers "separate and apart from contractual obligations." However, Plaintiff does not specify what duty NFP had that was separate and apart from its contractual obligations. Also, Plaintiff does not argue that the purported contract it sues upon does not afford the relief it seeks. To be clear, Plaintiff's purported agreement that forms the basis of its breach of contract claim [ECF No. 39-2] states that NFP agreed "to provide Client the insurance brokerage and related services in accordance with the standards customarily prevailing in the insurance industry for brokers in exchange for the compensation set forth herein." [ECF No. 39, at 14.] In its Opposition as to its negligence claim, Plaintiff contends that NFP failed "to exercise the requisite skill, care, and diligence required by an insurance broker . . . ." [ECF No. 39, at 20.] These two standards are the same and Plaintiff ignores that "[w]here a tort Claim is nothing more than a recasting of a claim for breach of contract, it is barred

by the economic loss doctrine." *Heyman v. Citimortgage, Inc.*, Civ. No. 14-1680-KM-MAH, 2019 WL 2642655, at *30 (D.N.J. June 27, 2019).

**D.     The Complaint Fails to State a Claim for Breach of Fiduciary Duty.**

NFP did not move to dismiss the breach of fiduciary duty claim on the basis that fiduciary duties do not exist. The fact that a fiduciary duty may exist has not precluded this Court from dismissing a breach of fiduciary duty claim against a broker as not being separate from a professional malpractice/negligence claim. *Trusted Transportation Solutions, LLC v. Guarantee Ins. Co.*, Civ. No. 16-7094, 2018 WL 2926167, at *3 (D.N.J. June 11, 2018) ("New Jersey law does not recognize a separate cause of action for 'breach of fiduciary duty'" against a broker); *Minnesota Life Ins. Co. v. Cooke*, No. 2:20-CV-14326 (WJM), 2021 WL 5122070, at *7 (D.N.J. Nov. 4, 2021) ("While a plaintiff may plead in the alternative, under New Jersey law, negligence and breach of fiduciary duty claims against an insurance broker are not alternative causes of action, but rather, constitute a single cause of action for negligence."); *Mercury Indem. Co. of Am. v. Great N. Ins. Co.*, No. CV-19-14278-MAS-LHG, 2020 WL 1531386, at *3 (D.N.J. Mar. 31, 2020) (dismissing breach of fiduciary duty as subsumed within the negligence and malpractice claim); *Old Republic Ins. Co. v. E. King Air Serv., LLC*, No. CV-18-15-102-SDW-LDW, 2019 WL 2341554, at *1 (D.N.J. June 3, 2019) (treating the breach of fiduciary duty claim as a broker

malpractice/negligence claim). In line with what New Jersey federal courts have found numerous times, NFP moved to dismiss Plaintiff's breach of fiduciary duty cause of action because it is subsumed or duplicative of its negligence cause of action and, therefore, should not be permitted to proceed as a separate cause of action.

In its opposition, Plaintiff cites to the *Canusa Corporation* case, which states that breach of fiduciary duty is an **intentional tort** that is separate from an individual's negligent deviation from the professional standard of care. [ECF No. 39, at 23-24.] Citing to a distinct holding is of no consequence if Plaintiff cannot show that the allegations in its Complaint are in line with the cited holding. There is no allegation in the Complaint of any type of intentional tort committed by NFP. Rather, Plaintiff's allegations are limited to NFP supposedly failing to perceive and address deficiencies in the Hallmark policy. [ECF No. 1 ¶ 94.] These same allegations form the basis of Plaintiff's professional malpractice claim. [ECF No. 1 ¶¶ 99, 100.] As such, Plaintiff's breach of fiduciary duty cause of action should be dismissed.

Also, the economic loss doctrine bars any breach of fiduciary duty claim. *Bracco Diagnostics, Inc. v. Bergen Brunswig Drug Co.*, 226 F. Supp. 2d 557, 562 (D.N.J. 2002) ("The economic loss doctrine 'prohibits plaintiffs from recovering in tort economic losses to which their entitlement only flows from a contract.'")

(citation omitted); *Am. Fin. Resources, Inc. v. Countrywide Home Loans Servicing, LP*, Civ. Action No. 12-7141(ES), 2013 WL 6816394, at *7 (D.N.J. Dec. 23, 2013) (dismissing a breach of fiduciary duty claim on a motion to dismiss as barred by the economic loss doctrine).

E.    **The Complaint Fails to State a Claim for Professional Malpractice.**

NFP moved to dismiss Plaintiff's professional malpractice claim as being supported by only conclusory statements without any factual allegations whatsoever. Plaintiff states that its claim contains numerous factual statements, but the Complaint speaks for itself. Plaintiff's conclusory allegations are simply insufficient to state a claim. Plaintiff attempts to distinguish its allegations from the *Magi* case, but provides no actual cites to factual allegations in its Complaint that distinguish it from the *Magi* case, where this Court dismissed a professional negligence claim on a motion to dismiss where the allegations were limited to failure to properly advise, failure to communicate, failure to bill, and failure to bind coverage in a timely manner. *Magi v. Rich*, Civ. Action No. 20-8881 (ZNQ) (RLS), 2023 WL 1363375, at *7 (D.N.J. Jan. 31, 2023).

Also, the economic loss doctrine bars any professional malpractice claim. *Bracco Diagnostics, Inc. v. Bergen Brunswig Drug Co.*, 226 F. Supp. 2d 557, 562 (D.N.J. 2002) ("The economic loss doctrine 'prohibits plaintiffs from recovering in tort economic losses to which their entitlement only flows from a contract.'")

(citation omitted); *Bubbles N' Bows, LLC v. Fey Pub. Co.,* No. 06–5391, 2007 WL 2406980, at *10 (D.N.J. Aug. 20, 2007) ("Tort principles, such as negligence, are better suited for resolving claims involving unanticipated injuries, and contract principles are generally more appropriate for determining claims for consequential damages that parties have or could have address[ed] in their agreement.").

### III.  CONCLUSION

WHEREFORE, Defendant NFP Property & Casualty Services, Inc. respectfully requests that the Court grant its Motion to Dismiss for lack of jurisdiction or, in the alternative, for failure to state a claim, and for any such other and further relief the Court deems just and proper.

Respectfully submitted,

/s/ Thomas J. Coghlan
Thomas J. Coghlan, Esq.
FISHKIN LUCKS LLP
One Gateway Center, Suite 1150
Newark, NJ 07102
(973) 536-2800
tcoghlan@fishkinlucks.com

Jennifer H. Chung*
MCDOWELL HETHERINGTON LLP
1001 Fannin Street, Suite 2400
Houston, Texas 77002
jennifer.chung@mhllp.com

*Admitted *pro hac vice*.

                                        Attorneys for Defendant NFP Property & Casualty Services, Inc.

## CERTIFICATE OF SERVICE

I certify that on December 14, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system as indicated in the Notice of Electronic Filing.

*/s/ Thomas J. Coghlan*
Thomas J. Coghlan, Esq.